IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM JOSEPH BRYAN,

    Petitioner,                                                 No. CIV S-03-1702 JAM EFB P

    vs.

THOMAS CAREY, Warden,

    Respondent.                                               ORDER

                                        /

       Petitioner is a prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Currently pending before the court is petitioner's motion to disqualify the undersigned. Petitioner asserts in the motion that he "believes the fact that Judge Mendez was a Sacramento Superior Court Judge at the same time this Petition was denied in the Sacramento Superior Court and the Trial Judge was a Sacramento Superior Court Judge is cause enough for reassignment." The court construes this a s a motion for recusal pursuant to 28 U.S.C. § 455(a)(b)(1) and denies the motion.

       A judge is required to disqualify himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice against a party, 28 U.S.C. § 455(b)(1). The decision regarding disqualification is made by the judge whose impartiality is at issue. *Bernard v. Coyne*, 31 F.3d 842, 843 (9th Cir. 1994).

1

The test for disqualification under section 455 is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v. Winston*, 613 F.2d 221, 222 (9th Cir. 1980). Evaluations of impartiality, bias or prejudice under section 455 are made using an objective standard. *Id.*

Evaluated under this objective standard, petitioner's motion fails to demonstrate personal bias or lack of impartiality. Petitioner's argument that the undersigned was a judge of the Sacramento County Superior Court at the time of petitioner's trial does not in any way establish bias. Even if the undersigned was a judge of that court at the time of petitioner's trial, that fact alone fails to raise any question about impartiality. The undersigned did not preside over petitioner's case nor have any role in its adjudication. Petitioner fails to point to any objective evidence showing that the undersigned's impartiality might reasonably be questioned, or that he has a personal bias or prejudice against petitioner.

For all the foregoing reasons, petitioner's July 29, 2009, motion to disqualify is DENIED.

So Ordered.

DATED: August 31, 2009

/s/ John A. Mendez
U. S. District Court Judge