IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM JOSEPH BRYAN,

    Petitioner,                    No. CIV S-03-1702 JAM EFB P

    vs.

DERRAL G. ADAMS, Warden,[1]

    Respondent.                 ORDER

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. On September 12, 1996, a judge of the Sacramento County Superior Court rendered a judgment convicting petitioner of attempted robbery, two counts of assault with a firearm, felon in possession of a firearm and burglary. Petitioner was sentenced to a term of 94 years in prison.

    This action proceeds on the amended petition filed August 14, 2006. Petitioner filed a motion for an order permitting him to conduct discovery. In accordance with Rule 6(b), he also filed a request for the production of documents itemizing the documents he seeks. For the reasons explained below, the motion is denied.

---

[1] Warden Derral G. Adams is substituted as respondent. *See* Rule 2(a), Rules Governing § 2254 Proceedings; Fed. R. Civ. P. 25(d).

1

1       Petitioner requests an order directing respondent to produce various documents. He
2  seeks trial transcripts, his own appellate and post-conviction briefs and decisions rendered by the
3  state courts concerning the judgment he now challenges. In limited circumstances, discovery is
4  permitted in habeas actions. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). When discovery is
5  permitted, the parties may use the methods detailed in the Federal Rules of Civil Procedure.
6  Rule 6(a), Rules Governing § 2254 Cases. Here, petitioner need not utilize those methods in
7  order to obtain what he seeks. Indeed, it appears that at this stage of the proceedings he does not
8  need most of what he seeks because he either already has it or he had access to it when he filed
9  his amended petition. It is unclear why petitioner now needs his appellate or post-conviction
10 briefs. Although parties typically refer to the briefs filed in the state courts when they litigate the
11 question of whether all claims were exhausted, that question is not before the court.
12 Furthermore, petitioner's brief in support of his amended petition contains extensive citations to
13 the trial record. In support of his petition, he submits copies of the state courts' orders denying
14 his applications for post-conviction relief and portions of the trial transcript. Thus, when he filed
15 the amended petition, he had many of the orders and transcripts he now claims that he needs.

16       Petitioner does not seek "discovery" in the sense that he seeks to discover facts or obtain
17 new information outside the record which will support his claims. Accordingly, there is no basis
18 for granting his request.

19       Accordingly, it is ORDERED that petitioner's January 22, 2007, motion for an order
20 permitting him to conduct discovery is denied.

21 Dated: September 2, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE